## 8725

### STUKES v. SOUTHERN EXPRESS CO.

### BLANDING v. SAME.

1. "CARMACK AMENDMENT"—CARRIER—SECTION 2573 OF THE CODE OF 1912 is not affected by the "Carmack Amendment" as applied to an interstate shipment, where the delict occurs in this State.

2. CARRIER—LIQUORS.—There is not a scintilla of evidence in this case tending to show the plaintiff desired the whiskey shipped for any other than a lawful use and the express company should have delivered it to him.

Before SEASE, J., Clarendon, September, 1913.   Affirmed.

Two cases, (1) Sam Stukes against Southern Express Co., and (2) Peter Blanding against same. From Circuit decree reversing magistrate, defendant appeals.

*Messrs. Purdy & O'Bryan,* for appellant, cite: *Shipment not being lost, penalty is not recoverable:* 79 S. C. 298: 82 S. C. 307.

*Mr. J. J. Cantey,* contra, cites: *"Carmack Amendment" does not apply: DuPre* v. *R. R.,* Mss.; *Varnville* v. *R. R.,* Mss.; 79 S. C. 200. *Penalty attaches for wilful failure*

*to deliver:* 84 S. C. 350. *That Clarendon county is "dry"
is no defense:* 89 S. C. 133; 94 S. C. 445.

January 13, 1914. The opinion of the Court was delivered by

MR. JUSTICE WATTS. These two cases were for the purpose of recovering the value of a case of whiskey, each of which was shipped from Jacksonville, Fla., to plaintiffs, delivered by the shipper to defendant's company, and for failure to deliver the same to the plaintiffs, and for the penalty of fifty dollars in each case for failure to adjust said claims within forty days after the claims had been filed with the agent of the defendant. The cases were tried together before the magistrate who decided them in favor of the defendant. Plaintiffs appealed to the Circuit Court and the Circuit Court reversed the judgment of magistrate and rendered judgment for the plaintiffs in each case for the amounts sued for, and for fifty dollars penalty. From judgment of Circuit Court defendant appealed.

Exceptions one and two are overruled as the questions raised by these exceptions are conclusively decided in the recent cases of *Varnsville Furniture Company* v. *C. & W. C. Railroad Co.,* and *DuPre* v. *C., N. & L. Railroad Co.* (*S. C. Advance Sheets.*)

As to exceptions three, four, and five, which challenge the correctness of his Honor's finding, they are overruled as there is abundant evidence to sustain him. The evidence shows beyond doubt that the whiskey was ordered for personal use and lawful purposes. There is not a *scintilla* of evidence that the plaintiffs intended it for any illegal or unlawful purpose whatsoever, and under the law of the land a person can order and keep in possession whiskey for personal use so long as he does not attempt to use it unlawfully, by selling it, etc. A mere suspicion that it is intended for unlawful purpose is not sufficient to withhold or seize his property; there must be evidence of some

sort to support the charge that it is for unlawful use. In this case the agent of defendant refused upon demand to deliver the whiskey to plaintiffs and sent it back to Florida, and made no effort to deliver it to plaintiffs until after suit was commenced. The evidence shows a wilful disregard of defendant's duty to the plaintiffs. The exceptions are overruled.

Judgment affirmed.